IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:23-cv-10096

GOLDEN PEAR FUNDING OPCO, LLC, a
New Jersey limited liability company,

    Plaintiff,

v.

ADVANCED MEDICAL TREATMENT CENTER, INC., a Florida corporation,

    Defendant.
_____/

# COMPLAINT

Plaintiff, GOLDEN PAIR FUNDING OPCO, LLC, by and through undersigned counsel, hereby sues Defendant, ADVANCED MEDICAL TREATMENT CENTER, INC., and states the following:

## Nature of the Action

1.    Through this action, Plaintiff sues Defendant for breach of contract with regard to the parties' Medical Accounts Receivable Master Purchase And Sale Agreement dated November 22, 2022 (the "Agreement"). The Agreement contains a confidentiality provision and is hereby incorporated by reference to maintain confidentiality. Plaintiff also seeks an accounting of sums due pursuant to the Agreement.

## Parties

2.    Plaintiff, GOLDEN PAIR FUNDING OPCO, LLC, is a limited liability company organized under the laws of the state of Delaware, and therefore, is a citizen of Delaware.

3. Plaintiff is comprised of one member – Golden Pear Funding Intermediate Holdco, LLC, a citizen of Delaware.

4. Defendant, ADVANCED MEDICAL TREATMENT CENTER, INC., is a corporation organized and existing under the laws of the state of Florida, and therefore is a citizen of the state of Florida.

## Jurisdiction and Venue

5. The Agreement states in pertinent part the following:

> 16. <u>Governing Law and Venue.</u> Agreement shall be governed and construed in accordance with the laws of the State of New York without giving effect to conflicts of law principles that would cause the application of the law of any jurisdiction other than the laws of the State of New York. The Parties consent to the Courts located within New York County, New York as the proper venue for all actions that may be brought pursuant to this Agreement and waive any objections to venue or jurisdiction with respect to any claims brought within the courts of New York County relating to this Agreement.

6. Inasmuch as Defendant expressly waived any objection to the jurisdiction of this Court, this Court has personal jurisdiction over the Defendant.

7. Furthermore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000, and the Plaintiff and its members maintain complete diversity from the Defendant corporation.

8. Venue is also proper pursuant to section 16 of the agreement.

## General Allegations

9. Plaintiff and Defendant are parties to the Agreement, whereby Plaintiff agreed to purchase receivables from Defendant with regard to certain medical accounts.

10. As stated in the agreement, Defendant owns and operates medical and surgical facilities, and provides care for patients "whose care is not covered by traditional health insurance, but who nevertheless require [Defendant's] surgical facilities and/or medical services (the "Services")." Agreement at p. 1.

11. Those rendered Services are typically secured under letters of protection, and then Defendant is reimbursed from the proceeds of the related personal injury litigation.

12. Pursuant to the Agreement, Plaintiff purchased various medical accounts from Defendant.

13. As a result, and pursuant to the Agreement, Plaintiff agreed to and did purchase "all right, title, and interest (but none of the obligations with respect to) of the [Defendant] to the payment of all sums owing or to be owing with respect to those Accident Receivables," which are updated or modified from time to time, and incorporated in the Agreement. Agreement at §2.a.

14. These purchases occur "on a recurring monthly basis." Agreement at p. 1.

15. The Agreement provides that Plaintiff may seek payment directly from the law firms representing each patient who receives Services from the Defendant.

16. Recently, and in the face of not being paid, Plaintiff investigated various receivables and the status of the litigation associated with those accounts.

17. Plaintiff had learned that at least 17 of those accounts had been closed, and the law firms securing the services under letters of protection transmitted the proceeds for those accounts directly to Defendant.

18. Defendant, however, did not pay those sums to Plaintiff as required by the Agreement.

19. To date, as to those 17 accounts, Defendant has failed to pay approximately $235,622.74 due and owing to Plaintiff pursuant to the Agreement.

20. All conditions precedent to the institution of this action have been satisfied, waived or otherwise performed

## Count I – Breach of Contract

Plaintiff hereby sues Defendant for breach of contract, and reincorporates and realleges the allegations contained in paragraphs 1-20, as if fully restated herein:

21. Plaintiff and Defendant entered into a valid Agreement.

22. Pursuant to the Agreement, Defendant was to make payments to Plaintiff as fully described above.

23. Defendant breached the Agreement by failing to make those payments.

24. Plaintiff was damaged in that regard.

25. Defendant's breach of the Agreement is the proximate and actual cause of Plaintiff's damages.

WHEREFORE, Plaintiff, by and through undersigned counsel, demands judgement against Defendant for damages, pre-judgment and post-judgment interest, and the granting of such other and further relief as this Court deems just and proper.

## Count II – Accounting

Plaintiff hereby sues Defendant seeking an equitable accounting, and reincorporates and realleges the allegations contained in paragraphs 1-20, as if fully restated herein:

26. Pursuant to the Agreement, the parties are in a confidential relationship.

27. Funds belonging to Plaintiff were entrusted to the Defendant imposing a burden of accounting.

28. Specifically, on a monthly basis, Plaintiff entrusted that Defendant would collect sums from third-party law firms who secured Services under letters of protection, and then pay them to Plaintiff as required by the Agreement.

29. When Defendant ceased performing this specific obligation, Plaintiff began investigating certain receivables purchased, and quickly discovered that although the third-party law firms had made payments for their benefit, they were being withheld by the Defendant.

30. Plaintiff has since made demand on Defendant for a complete accounting, but to no avail.

31. Plaintiff lacks an adequate remedy at law to ascertain the status of its purchased receivables, some of which may (or should have) been substituted with new accounts as required by the Agreement.

WHEREFORE, Plaintiff, by and through undersigned counsel, demands judgment of an equitable accounting against Defendant, and the granting of such other and further relief as this Court deems just and proper.

Dated this 16th day of November, 2023.

Respectfully submitted,

| **Baritz Colman LLP** | **Weiss Serota Helfman Cole & Bierman PL** |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
| 233 Broadway, Suite 2020 | 2255 Glades Road, Suite 200E |
| New York, New York 10279 | Boca Raton, Florida 33431 |
| Phone: (212) 886-1693 | Phone: (561) 835-2111 |
| By:   /s/ *John D. Stewart* | By:/s/ *Harrison R. DuBosar* |
| John D. Stewart | Howard D. DuBosar* |
| New York Bar No. 4554085 | Florida Bar No. 729108 |
| jstewart@baritzcolman.com | HDuBosar@wsh-law.com |
| Andrew Colman, Esq. | Kdoyle@wsh-law.com |
| New York Bar No. 5773940 | Harrison R. DuBosar* |
| Acolman@baritzcolman.com | Florida Bar No. 1002241 |
| | Hrdubosar@wsh-law.com |

Tnovak@wsh-law.com  
*Pending Admission Pro Hac Vice*