```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
GOLDEN PEAR FUNDING OPCO, LLC,                                       :
                                                                     :
                              Plaintiff,                             :
                                                                     :         23-CV-10096 (JMF)
              -v-                                                    :
                                                                     :         MEMORANDUM OPINION
ADVANCED MEDICAL TREATMENT CENTER,                                   :              AND ORDER
INC.,                                                                :
                                                                     :
                              Defendant.                             :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Upon review of the parties' papers, *see* ECF Nos. 23 and 25, Defendant's motion to dismiss (or, in the alternative, for a more definite statement) is denied as meritless.

Defendant's sole contention in its three-page motion is that the Complaint does not include a copy of the "alleged agreement" and makes only "general and non-specific references to the Contract," leaving Defendant unable to "properly formulate a response or plead defenses" to Plaintiff's claims for breach of contract and equitable accounting.  ECF No. 23, at 1-2.  But putting aside the fact that the agreement is incorporated by reference in the Complaint, *see, e.g.*, ECF No. 1 ("Compl."), ¶¶ 1, 5, 9, it is well established that a plaintiff "is not required to attach a copy of the contract or to plead its terms verbatim." *Taboola, Inc. v. Ezoic Inc.*, 2019 WL 465003, at *9 (S.D.N.Y. Feb. 6, 2019) (citation omitted).  Instead, a plaintiff need only "specifically plead the existence of a valid contract and provide some details about its terms and its breach to sustain a claim at the motion to dismiss stage." *WorldHomeCenter.com, Inc. v. Franke Consumer Products, Inc.*, 2011 WL 2565284, at *6 (S.D.N.Y. June 22, 2011).

Plaintiff plainly does so here.  Specifically, Plaintiff pleads (1) the existence of an agreement with Defendant, *see* Compl. ¶¶ 1, 9; (2) that Plaintiff "agreed to and did purchase" certain accounts

receivable and that "[a]ll conditions precedent" to the payments at issue in this action "have been satisfied, waived, or otherwise performed," *id.* ¶¶ 13, 20; (3) that Defendant breached the parties' contract by failing to forward to Plaintiff sums received from third-party personal injury law firms in connection with "at least 17 of those accounts," *id.* ¶¶ 13-18; and (4) that Defendant has failed to pay approximately $235,622.74 to date, *see id.* ¶ 19.  That suffices to state a claim.  *See, e.g.*, *Stadt v. Fox News Network LLC*, 719 F. Supp. 2d 312, 318 (S.D.N.Y. 2010) (stating the elements of a breach of contract claim under New York law).  And it is also enough to defeat Defendant's alternative request for a more definite statement.  *See, e.g.*, *Kok v. First Unum Life Insurance Co.*, 154 F. Supp. 2d 777, 782 (S.D.N.Y. 2001) (noting that motions for a more definite statement are concerned with "unintelligibility rather than want of detail" (citation omitted)).  Accordingly, Defendant's motion must be and is DENIED.

Unless and until the Court orders otherwise, Defendant shall file its Answer within **two weeks** of the date of this Memorandum Opinion and Order.  *See* Fed. R. Civ. P. 12(a)(4)(A).  In addition, the initial pretrial conference, previously adjourned, is hereby reinstated and RESCHEDULED for **April 17, 2024, at 9:00 a.m.**  The conference will be held remotely in accordance with the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties are reminded that, no later than the **Thursday before the initial pretrial conference**, they are required to submit a joint status letter and proposed Case Management Plan.  *See* ECF No. 5.

The Clerk of Court is directed to terminate ECF No. 23.

SO ORDERED.

Dated: March 20, 2024
      New York, New York

                                         JESSE M. FURMAN
                                      United States District Judge