UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:23-cv-10096

GOLDEN PEAR FUNDING OPCO, LLC, a

New Jersey limited liability company,

    Plaintiffs,

v.

ADVANCED MEDICAL TREATMENT CENTER, INC.,

a Florida corporation,

    Defendant,

_____/

## ADVANCED MEDICAL TREATMENT CENTER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, ADVANCED MEDICAL TREATMENT CENTER, INC., by and through undersigned counsel, files this its Answer and Affirmative Defenses to Plaintiff's Complaint and alleges as follows;

### Nature of the Action

1. Admit for jurisdictional purposes.

### Parties

2. Admit.
3. Without knowledge to admit or deny.
4. Admit.

### Jurisdiction and Venue

5. Admit.
6. Denied as worded.
7. Without knowledge to admit or deny.
8. Admit.

## **General Allegations**

9. Admit.
10. Admit.
11. Admit.
12. Admit.
13. Admit.
14. Admit.
15. Admit.
16. Without knowledge to admit or deny.
17. Without knowledge to admit or deny.
18. Denied.
19. Without knowledge to admit or deny.
20. Denied.

## **Count I – Breach of Contract**

21. Admit.
22. Denied as worded.
23. Denied.
24. Denied.
25. Denied.

## **Count II - Accounting**

26. Admit.
27. Denied.
28. Admit.
29. Denied.
30. Denied.
31. Denied.

### FIRST AFFIRMATIVE DEFENSE

As its first affirmative defense, Defendant states that Plaintiff's claims are barred by the doctrine of unclean hands. Specifically, Defendant has attempted to offer Plaintiff an accounting to which Plaintiff is allegedly entitled, but Plaintiff did not respond and refused to comply with its obligations under the subject contract prior to filing the subject lawsuit. As such, Plaintiff has failed to comply with conditions precedent to filing this suit.

### SECOND AFFIRMATIVE DEFENSE

As its second affirmative defense, Defendant states that Defendant has complied with all material terms and conditions of the contract. Specifically, Plaintiff did not knowingly accept and/or withhold payment to Plaintiff for any cases/receivables sold to Defendant. Thus, Plaintiff has failed to state any claim for which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

As its third affirmative defense, Defendant states that any alleged breach of the contract by Defendant occurred due to circumstances outside of the control of Plaintiff including failure of third parties to forward payments allegedly owed to Plaintiff to Plaintiff. Specifically, Defendant's former accountant failed to accurately account for and disburse payment to Plaintiff.

### RESERVATION OF RIGHTS

ADVANCED MEDICAL TREATMENT CENTER hereby reserves it right to amend this pleading and add affirmative defenses at a later date.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via E-Service to: John D. Stewart, Esq., of Baritz Colman LLP, at jstewart@baritzcolman.com and acolman@bartizcolman.com; and Howard D. DuBosar, Esq., of Weiss Serota Helfman Cole and Bierman PL at hdubosar@wsh-law.com and kdoyle@wsh-law.com.

        **THE GUZMAN FIRM, PLLC**
        *Attorney for Advanced Medical Center*
        3377 S.W. 3rd Avenue
        Miami, FL 33145
        Tel: 786-204-3980
        Svc: richardguzman@richardguzmanlaw.com
             service@richardguzmanlaw.com

        By: /s/ Richard Guzman /s/
         RICHARD GUZMAN, Esq.
         Fla. Bar. No. 105196