

HOWARD D. DUBOSAR<br>
HDuBosar@wsh-law.com

May 10, 2024

**Via E-Filing Portal**

Honorable Jesse M. Furman
United States District Court Alexandra Smallman
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> Re: *Golden Pear Funding Opco, LLC v. Advanced Medical Treatment Center, Inc.*, Case No. 1:23-cv-10096-JMF – Letter Motion for a Pre-Motion Discovery Conference Regarding Defendants' Failure to File Initial Disclosures

Dear Judge Furman:

Pursuant to S.D.N.Y. Local Rule 37.2 and Section 3(e) of this Court's "Individual Rules and Practices in Civil Cases," Plaintiff, GOLDEN PEAR FUNDING OPCO, LLC ("Golden Pear"), hereby requests that the Court hold a discovery conference regarding the failure of Defendant, ADVANCED MEDICAL TREATMENT CENTER, INC. ("AMTC"), to file its initial disclosures by the Court imposed deadline.

The following summary sets forth the nature of the discovery dispute and explains why Golden Pear is entitled to the relief it seeks. On April 12, 2024, five months after the commencement of this suit, the Court issued a "Civil Case Management Plan and Scheduling Order" (the "Scheduling Order"). [D.E. 32]. Germane here, the Scheduling Order directed the parties to file initial disclosures by April 24, 2024, pursuant to Federal Rule of Civil Procedure 26(a)(1). [*Id.* ¶ 6]. Golden Pear timely complied with this procedural requirement by filing its initial disclosures on April 24, 2024. [D.E. 36]. AMTC, on the other hand, has yet to file its initial disclosures, notwithstanding the fact that Golden Pear's counsel asked AMTC's counsel on at least two occasions—one of which by telephone and the other of which by email—to file such initial disclosures.[1] AMTC's delay in filing its initial disclosures has prejudiced Golden Pear in the manner in which it pursues its claims. For instance, in the event AMTC's missing initial disclosures would reveal material information that would alter Golden Pear's pleadings, Golden Pear amend the Complaint as the deadline to amend pleadings and add additional parties expired on May 7, 2024. [D.E. 32 ¶ 5]. As another example, the deadline for parties to propound initial

---

[1] Golden Pear slightly postponed filing the instant motion due to the fact that the parties were undergoing settlement discussions. But, in light of the fast-approaching discovery deadlines set forth in the Scheduling Order, Golden Pear must hedge its bets and obtain AMTC's initial disclosures in the event the parties cannot reach a settlement agreement.

requests for productions and interrogatories is on May 10, and so the initial disclosures by AMTC would have provided helpful in apprising Golden Pear's discovery requests.

      As of this writing, AMTC has yet to file its initial disclosures, notwithstanding the fact that Golden Pear's counsel attempted a meet and confer in seeking the missing disclosures by asking AMTC's counsel on at least two occasions—one of which was by telephone and the other of which was by email—to file such initial disclosures. Accordingly, Golden Pear respectfully requests that the Court hold a discovery conference regarding AMTC's failure to timely file initial disclosures. In addition, Golden Pear respectfully requests that AMTC and its counsel pay Golden Pear's reasonable expenses and attorney's fees incurred in filing and prosecuting the instant motion. *See* Fed. R. Civ. P. 37(a)(5).[2]

Respectfully submitted,

/s/ *Howard D. DuBosar*
Howard D. DuBosar*
Florida Bar No. 729108
 HDuBosar@wsh-law.com
 Kdoyle@wsh-law.com
 Tnovak@wsh-law.com
*Admitted Pro Hac Vice

*Copies to*:

**Counsel of Record**

Instead of filing a response within three days of this letter motion pursuant to Rule 3(E) of the Court's Individual Rules, Defendant simply filed its Rule 26 disclosures on May 14, 2024, almost three weeks past the deadline of April 24, 2024.  In a letter to be filed no later than **May 22, 2024**, Defendant shall show cause why sanctions are not warranted for its failures to adhere to the Court's deadlines.  In the meantime, Plaintiff's letter motion to compel Defendant's initial disclosures is DENIED as moot.  The Clerk is directed to terminate ECF No. 38.

SO ORDERED.

May 16, 2024

---

[2] Insofar as this case progresses, further pre-trial deadlines elapse, and AMTC still has yet to furnish its initial disclosures, Golden Pear reserves its right to seek sanctions for such egregious discovery misconduct, including but not limited to, barring AMTC to use information or witnesses that should have been initially disclosed as evidence on a motion, at a hearing, or at a trial.  Fed. R. Civ. P. 37(c)(1).