

HOWARD D. DUBOSAR
HDuBosar@wsh-law.com

May 22, 2024

**Via E-Filing Portal**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

  Re: *Golden Pear Funding Opco, LLC v. Advanced Medical Treatment Center, Inc.*,
     Case No. 1:23-cv-10096-JMF – Plaintiff's Letter Regarding Defendant's
     Amended Affirmative Defenses

Dear Judge Furman:

  Pursuant to Paragraph 1.B of the Court's "Individual Rules and Practices in Civil Cases" and its Scheduling Order [D.E. 37], Plaintiff, GOLDEN PEAR FUNDING OPCO, LLC ("Golden Pear"), requests that the Court strike Defendant ADVANCED MEDICAL TREATMENT CENTER, INC.'s ("AMTC") Amended Affirmative Defenses: (1) for the same reasons set forth in its original "Motion to Strike Affirmative Defenses," [*see* D.E. 35]; and (2) for failing to timely file with the Amended Answer and Affirmative Defenses a redline comparison that demonstrated the differences between the amended pleading and the original pleading.

  As a recap, on April 3, 2024, following the Court's denial of AMTC's motion to dismiss or, alternatively, motion for more definite statement, [D.E. 26], AMTC filed its Answer and Affirmative Defenses, raising three affirmative defenses—that Golden Pear is barred under the doctrine of unclean hands because AMTC attempted to offer an accounting to which Golden Pear did not respond, that Golden Pear failed to state a claim for relief because AMTC has complied with all material terms of the Agreement, and that AMTC's breach of the Agreement occurred due to circumstances that were beyond its control. [D.E. 29 at 3]. Amid its flawed affirmative defenses, AMTC also reserved its right to "add affirmative defenses at a later date." [*Id.*].

  Around three weeks later, on April 25, Golden Pear moved to strike the three affirmative defenses along with the reservation of rights. [D.E. 35]. For the first affirmative defense, Golden Pear urged asserted this defense should be stricken because it attempted to raise an equitable defense to a monetary claim and because this defense was based on a privileged settlement communication between the parties. [*Id.* at 3–4]. As to the second affirmative defense, Golden Pear urged that this defense is akin to a denial of Golden Pear's breach of contract claim and,

therefore, should be stricken as insufficient. [*Id.* at 4–5]. Regarding the third affirmative defense, Golden Pear equated this defense as a denial of the proximate cause element of Golden Pear's breach of contract claim and, given that AMTC had already address the substance of this affirmative defense in its Answer, this affirmative defense should be stricken as not sufficient. [*Id.* at 5–6]. With respect to the reservation of rights section, Golden Pear recited well-settled caselaw which treats such language in a pleading as nothing more than a legal nullity and, as a result, should be stricken. [*Id.* at 6].

Shortly after Golden Pear filed its motion, the Court instructed AMTC to either file a response to the motion or an amended answer and affirmative defenses by May 15, 2024. [D.E. 37]. Importantly, if AMTC opted to do the latter, the Court directed that "any amended answer should be filed with a redline showing all differences between the original and revised filing." [*Id.*]. AMTC "will not be given any further opportunity," the Court warned, "to amend the answer to address issues raised by the motion to strike." [*Id.*]

On May 15, AMTC filed an Amended Answer and Affirmative Defenses—though it did not classify the pleading as amended—raising (what appears to be) the same three affirmative defenses and the same reservation of rights section. [D.E. 41]. Absent from AMTC's amended pleading, however, was a "redline showing all differences between the original and revised filing."[1] Even without the aid of the side-by-side comparison, a cursory review of AMTC's Amended Answer reveals that, rather than addressing the merits of Golden Pear's motion to strike, it merely added certain factual allegations to each affirmative defense. In so doing, AMTC disregarded the reasoning set forth in the motion to strike as Golden Pear rested its arguments on certain legal grounds, as opposed to (what AMTC suggests as) a lack of factual support.

On May 22—a week after AMTC was supposed to file a redline comparison along with its Amended Answer and Affirmative Defenses—AMTC filed a letter with the Court attaching a redline comparison of the differences between the original and amended versions of its Answer and Affirmative Defenses. [D.E. 45]. In the letter, AMTC expressed that it had mistakenly failed to comply with the Court's procedure regarding filing an amended pleading. [*Id.*]. AMTC, meanwhile, did not explain why its tardy filing of the redline comparison should be excused. [*See id.*].

Accordingly, Golden Pear respectfully requests that the Court strike AMTC's Amended Affirmative Defenses: (1) for the same reasons delineated in its original Motion to Strike Affirmative Defenses; and (2) for failure to timely file a redline comparison showing the differences between the amended and original answer and affirmative defenses, pursuant to the Court's rules and scheduling order.[2]

---

[1] Notably, this is the second instance in the brief history of this case that AMTC has failed to abide by the Court's practices and procedures. [*See* D.E. 42 (ordering AMTC to show cause why sanctions should not be imposed for its failure to timely file initial disclosures)].

[2] To the extent the Court permits AMTC to refile an amended answer and affirmative defenses that complies with the Court's procedures, Golden Pear respectfully requests that the Court, pursuant to its inherent authority, require AMTC and its counsel to pay Golden Pear's reasonable expenses and attorney's fees incurred in filing the instant letter.

Respectfully submitted,

/s/ *Howard D. DuBosar*
Howard D. DuBosar*
Florida Bar No. 729108
 HDuBosar@wsh-law.com
 Kdoyle@wsh-law.com
*Admitted Pro Hac Vice
Jeremy S. Rosner†
Florida Bar No. 1018158
Jrosner@wsh-law.com
Tnovak@wsh-law.com
† Pro Hac Vice Admission Pending

*Copies to*:
**Counsel of Record**

Defendant should have heeded the Court's Individual Rules and enclosed a redlined copy of the Amended Answer in the first instance, but the Court excuses its failure to do so as an oversight in light of Defendant's letter dated May 22, 2024, ECF No. 45.  That failure is certainly not a basis to grant the motion to strike.  In fact, upon reflection and review of Plaintiff's memorandum of law, see ECF No. 35, the motion to strike is denied altogether - without prejudice to renewal on summary judgment.  Plaintiff may be correct in arguing that the three affirmative defenses fail as a matter of law, but there is no reason for the parties or the Court to expend their resources on those arguments now as granting the motion would not narrow discovery in any way.  If Plaintiff is correct in arguing that Affirmative Defenses 2 and 3 are duplicative of Defendant's denial of Plaintiff's claims, the issues are already squarely joined.  And Plaintiff does not provide a basis to dismiss Affirmative Defense 1 in its entirety, so the issue of clean hands will be in the case no matter what.  (Plaintiff's contention that, as to the equitable accounting claim, the defense is based on privileged settlement communications may mean that the defense ultimately fails, but Plaintiff does not cite authority for the proposition that that is a basis to strike the defense.)  Finally, unless and until Defendant seeks to amend its Answer and add additional defenses, its attempt to reserve its rights is purely academic.  Bottom line: The parties should focus on trying to settle this case and, in the absence of settlement, litigating their claims and defenses --- not on briefing the motion to strike.  Accordingly, it is denied without prejudice to renewal on summary judgment.  The Clerk of Court is directed to terminate ECF No. 35.

SO ORDERED.

May 23, 2024