**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO.: 1:23-cv-10096-JMF**

GOLDEN PEAR FUNDING OPCO, LLC, a
New Jersey limited liability company,

    Plaintiff,

v.

ADVANCED MEDICAL TREATMENT CENTER, INC., a Florida corporation,

    Defendant.
_____/

## **DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

DEFENDANT, Advanced Medical Treatment Center, Inc. ("AMTC"), by and through its undersigned counsel, and pursuant to Section 6(B)(iii) of the Court's "Individual Rules and Practice in Civil Cases," hereby files its Proposed Findings of Fact and Conclusions of Law as follows:

### **FINDINGS OF FACT**

### **Parties**

1. Golden Pear is a single-member limited liability company organized under the laws of the State of Delaware. Golden Pear's lone member, Golden Pear Funding Intermediate Holdco, LLC, is also a Delaware limited liability company. [PX-1; PX-2].

2. Defendant, ADVANCED MEDICAL TREATMENT CENTER, INC. ("AMTC"), is a corporation organized and existing under the laws of the State of Florida. [PX-1; PX-2].

### The Parties' Agreement

3. On November 22, 2022, the parties entered into an agreement entitled "Medical Accounts Receivable Master Purchase and Sale Agreement" (the "Agreement"). [PX-1; PX-2; PX-3].

4. Under the terms of the Agreement, Golden Pear agreed to and did purchase certain accounts receivables from AMTC with regard to particular medical accounts. [PX-1; PX-2; PX-3; Krantz Decl. ¶ 6].

5. Pursuant to the Agreement, Golden Pear purchased all right, title, and interest (but none of the obligations with respect to) of AMTC to the payment of all sums owing or to be owing with respect to those account receivables. [PX-1; PX-2; PX-3; Krantz Decl. ¶ 7].

6. While the Agreement referenced in the Complaint is dated November 22, 2022, the agreement was also updated from time to time to reflect Golden Pear's additional purchases of accounts receivables from AMTC. [PX-1; PX-2; PX-4; Krantz Decl. ¶ 8]. These additional monthly purchases, which were expressly incorporated into the Agreement, would occur on a monthly basis. [PX-1; PX-2; PX-4].

7. In addition, the Agreement also provides that Golden Pear may seek payment directly from the third-party law firms whose clients receive services from AMTC of which payment on these services are the accounts receivables Golden Pear purchased under the parties' Agreement. [PX-1; PX-2; PX-3].

### AMTC's Breach of the Agreement and Resulting Damages

8. Plaintiff argues that it is owed money for receivables purchased pursuant to the above mentioned agreement, however, Plaintiff has not been able to name with certainty which of the purchased AMTC received payment for but did not forward to Plaintiff.

9. As a result, Plaintiff has never been able to establish what it may have been owed for the alleged non-payment.

10. Based on an Plaintiff's financial analysis of these 24 select purchased accounts receivables, Plaintiff believes that third-party law firms have paid, or otherwise have negotiated with AMTC to pay, collectively $580,108.57.  [PX-5; PX-7; PX-18; PX-19; Krantz Decl. ¶ 14].

## CONCLUSIONS OF LAW

### Jurisdiction

11. A district court has diversity jurisdiction over a claim where "the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).  The citizenship of an individual is determined based on the individual's domicile. *Palazzo ex. rel. Deimage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  A limited liability company has the citizenship of its members.  *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).  Based on the unrefuted jurisdictional allegations of the Complaint and supporting documentary evidence, the parties are of a diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Further, this Court is a proper venue pursuant to the "Governing Law and Venue" clause of the parties' Agreement in which the parties consented to the Court located within New York County, New York as the proper venue for all action arising under the Agreement.  [PX-3].

### Breach of Contract

13. Pursuant to the "Governing Law and Venue" clause of the parties' Agreement, the Agreement is governed by New York law.  [PX-3].

14.  Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages. *Fischer & Mandell v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011).

15.  The Complaint pleads, but Golden Pear's documentary evidence proves, the existence of an agreement between the parties, [PX-1; PX-3; PX-4]; (2) adequate performance by Golden Pear, [PX-1; PX-3; PX-5; Krantz Decl. ¶ 15].

16.  However, any breach by AMTC based on an alleged failure to make payments directly to, or otherwise ensure that payments were made directly to, Golden Pear for accounts under the Agreement that had been closed, has not been proven. Thus, any damages allegedly owed to Golden Pear remain in dispute and Plaintiff maintains the burden of proving same. Although AMTC, has admitted to this Court that it owed Golden Pear a certain amount of monies under the Agreement, it has steadfastly maintained that Golden Pear has not been able to prove or show how much may be owed.

**Damages**

17.  "Under New York Law, damages for breach of a contract should put the non-breaching party in the same economic position it would have enjoyed had the breaching party fully performed the contract." *Weiwei Gao v. Sidhu*, No. 11 CIV. 2711 WHP JCF, 2013 WL 2896995, at *3 (S.D.N.Y. June 13, 2013). "The non-breaching party is entitled to recover all compensatory damages that may be ascertained with reasonable certainty." *Id.* "Damages for breach of contract are ordinarily ascertained as of the date of the breach." *Id.* "Where the existence of damage is certain, and the only uncertainty is as to its amount, the burden of uncertainty as to the amount of damage is upon the wrongdoer." *Id.* (cleaned up).

18.     Because a preponderance of the evidence has not clearly shown what the Plaintiff's damages are, if any, this Court should find for AMTC that any damages which may be owed have not been proven.

Dated this 19th day of December, 2024.

                                          Respectfully Submitted,

                                          /s/ Richard Guzman /s/
                                          Richard Guzman, Esquire (Florida Bar No. 105196)
                                          richardguzman@richardguzmanlaw.com
                                          The Guzman Firm, PLLC
                                          804 NW 21 Terrace, Suite 201
                                          Miami, FL 33127
                                          Telephone: 3786 585 1045